**Jun Fu LI, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 12–73113.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2015.[*]

Filed Oct. 26, 2015.

Robert James Adinolfi, Robert J. Adinolfi, Esq, New York, NY, for Petitioner.

Aaron Nelson, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Jun Fu Li petitions for review from an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We deny the petition in part and dismiss it in part.

**1.** The BIA did not abuse its discretion in denying Li's concededly untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA properly determined that Li's failure to file a new asylum application was fatal to his motion. 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting·documentation."); *see also Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir.2008) (affirming BIA's denial of motion to reopen because petitioner failed to present evidence of an approved visa as required to establish "prima facie eligibility for the relief sought").

**2.** We lack jurisdiction to consider Li's challenge to the BIA's decision not to invoke its sua sponte authority to reopen removal proceedings. *Sharma v. Holder*, 633 F.3d 865, 874 (9th Cir.2011).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-